

U.S. Department of Justice

United States Attorney
Eastern District of New York

AFM
F. #2021R00874

271 Cadman Plaza East
Brooklyn, New York 11201

July 11, 2024

By ECF

Honorable Eric N. Vitaliano
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Anatoly Legkodymov
     Criminal Docket No. 23-496

Dear Judge Vitaliano:

   The government writes in opposition to the defendant's latest motion for bond, Dkt. 47, filed on June 27, 2024 (the "Motion"). This is the third motion for bond filed by the defendant, who is to be sentenced in exactly one week. A magistrate judge and two district judges—included Your Honor—have comprehensively rejected the defendant's last two motions for release. Your Honor should similarly reject this third motion because it offers no new material facts. Rather, the question of the defendant's custodial status should be decided through the vehicle of the sentencing proceeding that will be held next Thursday, July 18, 2024.

   As background, the defendant first moved for bail on December 13, 2023. Dkt. 22. The government opposed, Dkt. 24, and a hearing was held before the Honorable Marcia M. Henry on December 14, 2023. After Judge Henry denied the motion, appeal was ultimately taken to the Honorable Hector Gonzalez, the then-sitting miscellaneous District Judge. Judge Gonzalez held a hearing on December 20, 2023 and again denied the defendant's motion for bond.

   The defendant filed his second motion on February 26, 2024. The Court denied that motion on April 1, 2024 by docket order, observing that the defendant "points to no class of information that he could not have presented in his initial bail application, " and terming the defendant's second application a "transparent attempt to [] secure a third bite out of the same apple, and [to do] so post-plea and six weeks before sentencing."

The defendant's latest application, filed three weeks before sentencing, is more of the same. As the court is aware, the Motion is governed by the Bail Reform Act, 18 U.S.C. § 3142. The Act provides for a bail hearing "immediately upon the [defendant]'s first appearance before the judicial officer." Id. § 3142(a). It does not, however, provide for revisiting the Court's bail determination whenever the defendant so moves. Rather, it provides that the detention hearing "may be reopened . . . at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." Id.

The defendant once again points to no previously unknown information that meets the requirements of the Bail Reform Act for reopening a bail determination. The principal argument advanced in the Motion is that the defendant poses no risk of flight, variously because he purportedly lacks the means or incentive to flee, would worsen his own position before the Court, and would suffer adverse collateral consequences with respect to other relief that he seeks from the U.S. government. Mot. 3-4. These arguments were advanced in the defendant's prior bail motions, and rejected by every judge to pass on them. See, e.g., Motion for Bail filed December 13, 2023, Dkt. 22, at 11-13 (addressing defendant's lack of incentive to flee, generally and with respect to specific other relief sought that would be jeopardized by flight); Supplemental Bail Motion filed February 26, 2024, at 2 (same).

In an effort to satisfy the Bail Reform Act's standard and marshal new information, the defendant makes a number of other arguments that are irrelevant to the Court's determination under the Act. The first such argument raised—that the defendant's sentencing has not been scheduled, Mot. 1—is not a relevant factor under the Act, and has, moreover, been overtaken by events; sentencing was scheduled the day after the Motion was submitted, and is now only a week away.

The defendant's other significant argument appears broadly to relate to the conditions of his detention. The defendant requests that the Court release him so that, when an incarceratory sentence is imposed, he can self-surrender, which he asserts would work in his favor when the Bureau of Prisons ("BOP") decides where he should be incarcerated.[1] Mot. 4. This argument puts the cart before the horse. To the extent the defendant wishes Your Honor to make a recommendation about his designation, he may so request at sentencing—as defendants often do. Release under the Bail Reform Act is not an

---

[1] The defendant also incorrectly asserts that he is a "maximum-security detainee," Mot. 2. The Metropolitan Detention Center ("MDC") is not a maximum-security facility. See https://www.bop.gov/locations/institutions/bro/ (describing MDC as "administrative security" facility); https://www.bop.gov/about/facilities/federal_prisons.jsp (noting that "[a]dministrative facilities . . . are capable of holding inmates in all security categories").

2

appropriate way to achieve that result, is not consonant with the purposes of the Act, and would not even provide certainty with regard to the BOP's actions taken in response.

For the reasons set forth above, the standard for reopening a bail determination has not been met and the application should again be denied as insufficient on its face.

Finally, the government notes that, on June 25, 2024, the defendant filed a 90-page sentencing reply that was not provided for under the Court's rules.  Dkt. 46.  The government has not applied for leave to file a sur-reply in an effort to keep the sentencing on schedule, but will instead respond orally at sentencing, unless the Court indicates in the meantime that it would like a written response.

    Respectfully submitted,

    BREON PEACE
    United States Attorney

By:     /s/
    Alexander Mindlin
    Artie McConnell
    Assistant U.S. Attorneys
    (718) 254-7000

cc:     Defense counsel (by Email and ECF)
    Clerk of Court (by Email and ECF)